RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 9 / 12 / 07
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HARDY ANDERSON | DOCKET NUMBER 07-CV-1087 |
| VERSUS | JUDGE DRELL |
| TIM WILKINSON | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. §1983) of *pro se* Plaintiff Hardy Anderson, filed *in forma pauperis* on June 22, 2007. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at Winn Correctional Center (WCC) in Winnfield, Louisiana. Plaintiff complains of conditions of confinement at that institution, and he has named Warden Tim Wilkinson as the defendant in this lawsuit.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

### STATEMENT OF THE CASE

Plaintiff contends that on September 1, 2006, he told House Unit Manager Boyd that inmates were smoking on the non-smoking tier to which Plaintiff was assigned. Plaintiff claims that he told Lieutenant Jordan about the smoking situation, and Jordan confiscated approximately sixty packs of tobacco products from the non-smoking tier. Plaintiff claims that he has been forced to

inhale second-hand smoke for four years because the facility is "out of control" and cannot stop the inmates from smoking.[1]

Plaintiff filed an administrative grievance regarding the allegations of inmates smoking in the non-smoking tier, and an investigation was conducted. Unit Manager Ms. Boyd reported that there was no evidence of inmates smoking in the non-smoking tier. She stated that has not smelled cigarette smoke on that tier, nor did she find tobacco products during a shakedown.

Plaintiff has not alleged any injuries or physical maladies resulting from his inhaling second-hand smoke. Nonetheless, he seeks fifteen million dollars in damages for same.

## LAW AND ANALYSIS

1. Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A hearing need not be conducted for every pro se complaint. See Wilson v. Barrientos, 926 F.2d 480, 483, n. 4 (5th Cir. 1991).

---

[1]While Plaintiff alleges that he has endured second-hand smoke for four years, the first time he mentions complaining about the smoke to WCC was on September 1, 2006.

2

A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe in forma pauperis complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A civil rights plaintiff must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias 23 F.3d at 97.

2. Supervisory Defendant

Plaintiff essentially argues that the defendant violated his Eighth Amendment right against cruel and unusual punishment by exposing him to environmental tobacco smoke (ETS). Plaintiff named Warden Wilkinson as the sole defendant. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's

injuries." <u>Mouille v. City of Live Oak, Tex.</u>, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." <u>Pierce v. Texas Dept. of Crim. Justice, Inst. Div.</u>, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." <u>Thompson v. Steele</u>, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983). Plaintiff does not complain about any action of, or personal involvement on the part of, Warden Wilkinson, nor does he allege that the warden implemented any unconstitutional policies. Plaintiff's only basis for holding the Warden liable is through his role as supervisor of the prison, supervisor of Unit Manager Boyd, and supervisor of Lt. Jordan. Therefore, Plaintiff could not succeed on a claim against Warden Wilkinson.

3. Environmental Tobacco Smoke & Deliberate Indifference

Even if Plaintiff had named Jordan and/or Boyd as defendants, his claim would still fail. A two-prong test is used to determine whether ETS exposure violates a prisoner's Eighth Amendment rights. The inmate must: (1) prove he is "being exposed to unreasonably high levels of ETS"; and (2) show that prison officials demonstrated "deliberate indifference" to his plight. <u>Helling v. McKinney</u>, 509 U.S. 25, 35-36 (1993).

First, sporadic and fleeting ETS exposure, even if it results in discomfort such as coughing and nausea, does not constitute

4

"unreasonably high levels of ETS". See Richardson v. Spurlock, 260 F.3d 495, 498 (5th Cir. 2001). Second, **deliberate indifference** requires a finding of "obduracy and wantonness, not inadvertence or error in good faith." Whitley v. Albers, 475 U.S. 312, 319 (1986). A prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In evaluating deliberate indifference to ETS, the following factors should be considered: (1) the adoption of a smoking policy; (2) the administration of that policy; and (3) the realities of prison administration. See Helling, 509 U.S. at 36-37. According to Plaintiff, the prison does have a policy that prohibits smoking in Plaintiff's tier. While Plaintiff contends that inmates have violated the non-smoking policy, he also maintains that Lt. Jordan has confiscated sixty packs of tobacco products from those inmates. Thus, it is evident that Lt. Jordan does not simply ignore violations of the no-smoking policy; rather, the guard enforced to policy to the best of his ability. Additionally, an investigation was conducted following Plaintiff's filing of an administrative grievance. Unit Manager Boyd reported that she found no tobacco products or tobacco use on the non-smoking tier. Based on the

foregoing, Plaintiff cannot establish deliberate indifference to the environmental tobacco smoke.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's claims against the defendant be denied and dismissed with prejudice as frivolous and failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 10th day of September, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE